Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996
Fax 602.253.8346

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | In Proceedings Under Chapter 13 |
| ROBERT PATRICK MUSEWICZ, | Case No. 2-12-bk-25257 GBN |
| and | **TRUSTEE'S RECOMMENDATION** |
| EDITH MUSEWICZ, | |
| Debtors. | October 18, 2013 |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. Subject to the resolution of the following issues, the Plan will meet Code requirements and the Trustee will recommend confirmation:

(1) The fees requested by the debtor's attorney exceed the standard for this district for a flat fee case. The Trustee requires that counsel file and notice a separate fee application for approval by the Court.

(2) The secured claim filed by Wells Fargo Bank, NA (Claim #18) includes a small mortgage arrearage claim in the amount of $200.70. Any order confirming plan should provide for the filed mortgage arrearage claim.

(3)The principal amount to be paid to Southwest Airline Federal Credit Union (2008 Chrysler PT Cruiser is to be reduced to the amount stated in the creditors proof of claim, to be paid at the rate of interest stated in the Plan, as agreed with the creditor, or per Court order.

(4) The priority claim filed by the Internal Revenue Service differs from the amounts provided for in the Plan. Any order confirming plan must reflect the filed priority claim amounts.

(5) All scheduled secured creditors must be provided for in the Order confirming plan. Estrella Park Homeowners Associations failed to file a proof of claim. Therefore, the Order confirming will state that regular monthly payment will be made by the Debtors direct to the creditor outside the plan.

(6) Trustee requests a copy of the 2012 federal and state income tax returns, along with all attachments, forms, schedules and statements.

(7) The Debtor's Schedule I discloses a payroll deduction for the repayment of a 401(k) loan. The Trustee requires documentation regarding the terms of the loan, current loan balance and completion date.

(8) The Trustee requires Debtor to provide documented verification of the $400.00 per month medical expense. The Trustee requires documented evidence for the past six months to justify these expenditures. Where the documentation fails to support the scheduled expenses, the Trustee will require an Amended Schedule J.

(9) The Trustee notes Debtors' plan payment of $527.00 does not reflect Debtors' best effort based on the monthly net income of $1,673.02 listed on Debtors' Schedule J. The Trustee requires the Order Confirming state that the plan will not be deemed complete until all allowed unsecured claims are paid in full

(10)  Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, when

counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(e) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(f) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(g) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2012 - 2014 federal and state income tax returns, including all attachments, forms, schedules and statements, within fifteen days of filing them.

(h) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(i) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee).

Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(j) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to the applicable case administrator in the Trustee's office.

SUMMARY: Pursuant to Local Rule 2084-10, by the deadline Debtors are to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Trustee could lodge a dismissal order.

Copy mailed or emailed to:

Debtor(s) Mailer:
ROBERT PATRICK MUSEWICZ
EDITH MUSEWICZ
10503 WEST ZAK ROAD
TOLLESON, AZ 85353-5637

Attorney Mailer
KIRK GUINN
GUINN LAW GROUP, PLC
3707 EAST SOUTHERN AVENUE, #1070
MESA, AZ 85206-

_____
*cgates@ch13bk.com*

- 4 -