Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996
*mail@ch13bk.com*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In Re<br><br>ROBERT PATRICK MUSEWICZ,<br><br>and<br><br>EDITH MUSEWICZ,<br><br>Debtors. | Chapter 13<br><br>Case No. 2-12-bk-25257 GBN<br><br>**ORDER DISMISSING CASE** |

The Trustee having notified the Court that the Debtors failed to comply with the Trustee's Recommendation as required by Local Rule 2084-10, the Court finds cause for dismissing the case pursuant to 11 U.S.C. § 1307(c)(1). The Trustee states that the reason for lodging a dismissal order is:

**Failure to provide the Trustee with item #1 through #9 of the Trustee's Recommendation and a Stipulated Order Confirming; all no later than October 18, 2013.**

**NOW, THEREFORE, IT IS ORDERED:**

(A) This case is dismissed and the Clerk of the Court will give notice of the dismissal to all parties in interest;

(B) A motion to reinstate the case may be granted without a hearing if the Trustee approves the proposed reinstatement order. If the Trustee does not approve of reinstatement of the case, the matter may be set for hearing upon the Debtors' motion. The Court may set a hearing on any motion to reinstate on the request of an interested party who had joined the Trustee's request for dismissal;

(C) Pursuant to 28 U.S.C. § 586(e)(2), the Trustee shall be paid his percentage fee from all payments and property received, even if the case is reinstated and converted to another chapter. After payment of the Trustee's percentage fee, subject to the provisions herein, the Trustee will retain the funds in the case pending Court approval of the payment of administrative expenses of the attorney for the Debtors. If the Chapter 13 Plan contains an application for payment of administrative expenses and no party in interest filed an objection to the application, then the counsel for the Debtors may lodge an order approving the application within ten days after the Court enters this Dismissal Order. Alternatively, counsel for the Debtors has ten days after the Court enters this Dismissal Order to file and notice out a separate fee application. The Trustee is to pay from the funds on hand any adequate protection payments previously ordered by the Court. If there is an insufficient amount of funds on hand to pay all allowed administrative expenses and adequate protection payments, then the Trustee shall pay the administrative expenses and adequate protection payments pro rata. Any remaining funds will be returned to the Debtors. If the attorney for the Debtors fails to timely lodge such Order or file a fee application, the Trustee may pay out the funds according to this Order; and

(D) If the Court has entered a payroll deduction order on the wages of the Debtors, then the Court vacates that order.

**ORDER SIGNED AND DATED ON PAGE ONE**

A copy of the proposed Order was mailed or emailed to:

ROBERT PATRICK MUSEWICZ
EDITH MUSEWICZ
10503 WEST ZAK ROAD
TOLLESON, AZ 85353-5637


KIRK GUINN
GUINN LAW GROUP, PLC
3707 EAST SOUTHERN AVENUE, #1070
MESA, AZ 85206-
ch13notices@guinnlawgroup.com; kirkguinnnotifications@yahoo.com
Attorney for Debtors

_____
Dawn Smith
dsmith@ch13bk.com